## Commonwealth v. Fisher

C.P. of Columbia County, no. 774 of 2001.

*Anthony McDonald,* for plaintiff.
*Keith O. Barrows,* for defendant.

JAMES, *J.,* June 20, 2002—On August 9, 2001, Catawissa Code enforcement officer, James G. Haney, issued a citation charging defendant with a violation of Catawissa Borough Ordinance 268 section 102, which prohibits "the keeping of certain animals or reptiles not normally or ordinarily domesticated or not capable of being kept as a household pet." Defendant was found guilty before the district justice and appealed to this court.

A hearing was held on the summary appeal on December 27, 2001. After the hearing the parties were granted until January 25, 2002, to brief certain constitutional arguments raised by defendant in a motion to dismiss.

The defendant raises two issues. First, defendant submits that the ordinance is unconstitutional because (1) it enables an unlawful seizure of property (*i.e.*, pets in this case); (2) it is vague because it fails to adequately define and describe the nature of the prohibited conduct, depriving the defendant of his Fourteenth Amendment due process rights; and/or (3) defendant has been selectively prosecuted, once again depriving defendant of his Fourteenth Amendment due process rights. This court finds that the ordinance is constitutional, and that defendant's motion to dismiss should be denied. The applicable ordinance provides:

"Certain animals prohibited. It shall be unlawful for any person to keep hogs, swine or any wild animal at any place within the Borough of Catawissa except where the same shall be permitted under the zoning ordinance, in a park, zoological garden, or similar establishment for public exhibition." Catawissa Borough Ordinance 268 §102.

The ordinance defines a "wild animal" as "any animal, bird, fowl, or reptile not normally or ordinarily domesticated; not normally or ordinarily raised in this area and climate as livestock or for work or breeding purposes; or not capable or being kept as a household pet." Catawissa Borough Ordinance 268 §101. "Household pet" is defined as "any dog, cat, or other domestic animal normally and ordinarily kept in or permitted to be at large in the dwelling of its owner." *Id.*

Defendant's constitutional objections to the ordinance are strained and are not supported by the law or the facts of this case. First, the borough has the power to enact ordinances to protect the comfort, health and welfare of its citizens. See *Redevelopment Authority of Oil City v. Woodring,* 498 Pa. 180, 445 A.2d 724 (1982). The borough's exercise of that power must be reasonable. *Ramey Borough v. Commonwealth Department of Environmental Resources,* 466 Pa. 45, 351 A.2d 613 (1976). Catawissa has a duty to protect the health and welfare of its citizens. Certainly, Catawissa's ordinance is a reasonable exercise of its police powers and does not violate the Fourteenth Amendment.

Second, the ordinance is not unconstitutionally vague. The Pennsylvania Statutory Construction Act (1 Pa.C.S. §1903) provides guidance in construing statutes (and that is precisely what this court will do):

"(a) Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such other as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

"(b) General words shall be construed to take their meanings and be restricted by preceding particular words."

Third, there is simply no evidence that the defendant has been selectively prosecuted. He has not been deprived of any due process rights under the Fourteenth Amendment.

Defendant's second issue is on the merits of the case. Defendant submits that the animals in his house are not wild animals and/or are not "capable of being kept as a household pet." The second issue, then, is whether defendant's alligators, caimans, and/or snakes and small lizards are household pets within the meaning of the ordinance, or, in the alternative, are capable of being kept as a household pet.

At the hearing it was proven that defendant has 28 snakes, two caimans,[1] two American alligators, and a couple of different small reptile lizards. He bought them at pet stores and shows. The animals are locked in cages. He has shown the snakes to students at local schools. The snakes are not poisonous. Most of the snakes are between four to five feet long. On occasion, defendant allows the larger snakes to roam in his house with his supervision. At least one of the caimans is five feet long and the other one is similarly large. The alligators are about two feet long. The alligators and caimans will continue to grow indefinitely.

The ordinance in this case provides for criminal sanctions, *i.e.,* a maximum penalty of up to 90 days in jail and/or a maximum fine of $300. Catawissa Borough Ordinance 268 §106. Thus, the Commonwealth has the burden of proving its case beyond a reasonable doubt. In regard to the alligators and caimans, the Commonwealth has proved beyond a reasonable doubt that these animals are wild animals not capable of being kept as household pets. The Commonwealth has provided photographs

1. A "caiman" is a reptile similar to an alligator. Webster's Ninth New Collegiate Dictionary (1990).

showing large alligators and caimans which are, in fact, not permitted to be at large in defendant's dwelling. Within the clear meaning of the ordinance, defendant's alligators and caimans are prohibited wild animals. Parenthetically, common sense would dictate that these types of animals should not be kept in someone's house. They are inherently dangerous.

In regard to the snakes, based on the evidence presented by the Commonwealth, there is reasonable doubt as to whether these animals are prohibited under the ordinance. The Commonwealth simply states that there are numerous snakes in cages on the premises. The Commonwealth presented three photographs showing three large snakes that defendant said are permitted to roam at large, in the house, under his supervision, in accordance with the ordinance. Defendant keeps these snakes plus small lizards as household pets. He bought them at pet stores. Curiously, in this era, people are frequently keeping snakes, lizards, and iguanas as pets. Therefore, it cannot be said that they are not "normally or ordinarily kept in" the dwelling of their owner.

It appears that the borough's real concern is the number of snakes that defendant is keeping. There may be another section of the ordinance that governs the number of animals and/or addresses health concerns, but those issues were not brought to this court by the Commonwealth. The Commonwealth is suggesting that anyone who keeps even one snake or reptile as a pet in Catawissa is guilty of violating the ordinance and is subject to a possible penalty of 90 days in jail and a $300 fine. Under the definitions set forth in the ordinance, one snake

could be a household pet under proper circumstances. Even more snakes could be household pets, depending on the circumstances. However, there certainly could be circumstances where the number of snakes and the danger of the snakes would violate the section of the ordinance at issue here, or possibly some other section of the ordinance. This section of the ordinance or other sections could also apply to situations involving vicious dogs and/or large numbers of dangerous dogs or other animals. It depends on the circumstances. On the facts presented in this case, the Commonwealth has not proved that the snakes and small lizards in his house violate the ordinance.

## VERDICT

And now, June 20, 2002, the defendant is found guilty of violating Catawissa Borough Ordinance 268 §102, and is fined $100 plus the costs of prosecution.